IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

HARRY L. GOODRICH
and AGNES P. GOODRICH

                Plaintiffs,

v.

**AIR & LIQUID SYSTEMS CORPORATION,**
**Successor by Merger to BUFFALO PUMPS, INC.**

**CRANE CO., Individually and**
**as Successor in Interest to CHAPMAN VALVES**

**GOULDS PUMPS LLC**

**IMO INDUSTRIES, INC. As successor in**
**interest to DELAVAL PUMPS**

**JOHN CRANE, INC.**

                Defendants.

DOCUMENT FILED ELECTRONICALLY

JURY TRIAL DEMANDED

CIVIL ACTION NO.: _____

## **COMPLAINT**

Plaintiffs, HARRY L. GOODRICH and AGNES P. GOODRICH, for their Complaint against the Defendants, allege as follows:

## **SUMMARY OF ACTION**

1.      This is a civil action for monetary damages against the Defendants under the diversity jurisdiction of this Court for maritime claims of strict liability and negligence. Plaintiffs' claims arise from asbestos exposure on ships in navigable waters at, *inter alia*, Norfolk Naval Shipyard and Huntington Ingalls Incorporated f/k/a Newport News Shipbuilding & Dry Dock Company, which caused Plaintiff, HARRY L. GOODRICH, to contract

mesothelioma, a terminal cancer, caused by his exposure asbestos fibers from the Defendants' asbestos-containing products.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on the complete diversity of the parties and the amount in controversy, which exceeds $75,000.00, exclusive of interest and costs.

3.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333(1), 46 U.S.C. § 30101 and, as such, the general maritime law of the United States governs this case.

4.     Defendants are subject to the specific personal jurisdiction of this Court because each of the Defendants sold asbestos-containing products which were used in shipyards located in the Eastern District of Virginia; Plaintiff, HARRY L. GOODRICH, was exposed to those asbestos-containing products in, *inter alia,* territorial waters located in the Eastern District of Virginia; and Plaintiff HARRY L. GOODRICH's asbestos exposure in, *inter alia,* the Eastern District of Virginia contributed to cause him to contract the disease mesothelioma, which is permanent and/or fatal.  Va. Code § 8.01-328.1.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) & (3) because Defendants are subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims alleged herein occurred in this District.

## THE PARTIES

6.     Plaintiff, HARRY L. GOODRICH, is a citizen of the State of Massachusetts and resides in Wilbraham, Massachusetts.

7.     Plaintiff, AGNES P. GOODRICH, is a citizen of the State of Massachusetts and resides in Wilbraham, Massachusetts.

8.     Equipment Defendant, AIR & LIQUID SYSTEMS CORPORATION, Successor in Merger to BUFFALO PUMPS, INC., is a Pennsylvania corporation with its principal place of business in Pennsylvania.

9.     Equipment Defendant, CRANE CO., Individually and as successor in interest to CHAPMAN VALVES, is a Delaware corporation with its principal place of business in Connecticut.

10.     Equipment Defendant, GOULDS PUMPS LLC, is a Delaware corporation, with its principal place of business in New York.

11.     Equipment Defendant, IMO INDUSTRIES, INC., as successor in interest to DELAVAL PUMPS, is a Delaware corporation with its principal place of business in North Carolina.

12.     Defendant, JOHN CRANE, INC., is a Delaware corporation, with its principal place of business in Illinois.


**FACTUAL BACKGROUND**

13.     Plaintiff, HARRY L. GOODRICH, served in the United States Navy as a fireman, boiler tender, and machinist mate from June 23, 1959 through June 17, 1963 and served onboard ships homeported, repaired, or overhauled at Huntington Ingalls Incorporated f/k/a Newport News Shipbuilding & Dry Dock Company, Newport News, Virginia; Norfolk Naval Shipyard, Portsmouth, Virginia; Norfolk Navy Base, Norfolk, Virginia; South Boston Annex/Boston Naval Shipyard, Boston, Massachusetts;    Naval Station Newport, Rhode Island; and Naval

Construction Training Center, Davisville, Rhode Island.  As a result of Plaintiff's Naval service as set forth above, HARRY L. GOODRICH was exposed to uncontrolled asbestos dust, fibers, and/or particles from Defendants' asbestos-containing products.

14.    On or about September 2, 2016, HARRY L. GOODRICH was diagnosed with malignant mesothelioma as a result of his exposure to asbestos dust, fibers and/or particles.

15.    Defendants are corporations, companies or other business entities which, during all times material hereto, and for a long time prior thereto have been, and/or are now engaged, directly or indirectly, in the manufacturing, producing, selling, merchandising, supplying, distributing, and/or otherwise placing in the stream of commerce, asbestos-containing products, including those uniquely and specifically designed for maritime use and marketed for installation aboard ships.

16.    At all material times, Defendants acted through their agents, servants or employees who were acting within the scope of their employment on the business of the Defendants.

17.    As used hereafter, the term "asbestos-containing product" will be used to identify collectively: (i) raw asbestos fiber, (ii) end products directly incorporating asbestos fiber, and (iii) end products manufactured, assembled or supplied by a defendant who has specified and/or required raw asbestos and/or products incorporating asbestos manufactured or supplied by others, to be used, whether internally or externally, in conjunction with the end product for the routine maintenance, repair, and/or proper and intended use and operation of the end product.

18.    As used hereafter, the term "asbestos-containing packing" shall include asbestos-containing sheet packing, gaskets, braided packing, extruded packing, and all other such sealing products designed for use in sealing pipe flanges, valves, pumps, turbines, generators, bulkheads,

4

and for other such applications.

19.     Plaintiff, HARRY L. GOODRICH, was exposed to asbestos-containing products that were manufactured, specified, and/or distributed by Defendants. These asbestos-containing products were defective and inherently dangerous in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use, removal or maintenance of, or the exposure to the products. The defective and inherently dangerous condition of these asbestos-containing products, coupled with the disabling and/or fatal diseases generated by the inhalation of asbestos dust, rendered such asbestos-containing products unreasonably and inherently dangerous and thereby abrogated any need for privity of contract between Plaintiffs and these Defendants as a prerequisite to liability.

20.     Defendants' failure to warn renders them liable in negligence (as set forth in Count I), for strict liability in tort (as set forth in Count II), for spousal pre-death loss of society and consortium (as set forth in Count III). Additionally, Plaintiffs expressly disclaim any claim, if any, arising under the Death on the High Seas Act, 46 U.S.C. §30301 et seq.

21.     At all times material hereto, Equipment Defendant, AIR & LIQUID SYSTEMS CORPORATION, Successor in Merger to BUFFALO PUMPS, INC., manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps, condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and/or replacement materials including, without limitation, asbestos-containing products and asbestos-containing packing as defined above. This Defendant also incorporated, specified,

required or reasonably foresaw that its equipment would incorporate asbestos-containing products, including asbestos-containing packing, on their interior and exterior and knew, or reasonably should have known, that during the relevant period their end products would not function as advertised and/or designed without such asbestos-containing products and asbestos-containing packing, as defined above.

22.     At all times material hereto, Equipment Defendant, CRANE CO., Individually and as successor in interest to CHAPMAN VALVES, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps, valves, insulating products, and pump and valve repair and/or replacement materials including, without limitation asbestos-containing packing as defined above.  This Defendant also incorporated, specified, required or reasonably foresaw that its equipment would incorporate asbestos-containing products, including asbestos-containing packing, on their interior and exterior and knew, or reasonably should have known, that during the relevant period their end products would not function as advertised and/or designed without such asbestos-containing products and asbestos-containing packing as defined above.

23.     At all times material hereto, Equipment Defendant, GOULDS PUMPS LLC, manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, pumps, condensate pumps, main sea water cooling pumps, low pressure brine pumps, auxiliary sea water pumps, distillate pumps, distilling plant distillate pumps, distilling plant low pressure brine pumps, distilling system high pressure brine pumps, low pressure brine and acid circulating pumps, and pump repair and/or replacement material including asbestos-containing products

including, without limitation, asbestos-containing packing as defined above. Additionally, this Defendant also incorporated, specified, required or reasonably foresaw that its equipment would incorporate asbestos-containing products, including asbestos-containing packing, on their interior and exterior and knew, or reasonably should have known, that during the relevant period their end products would not function as advertised and/or designed without such asbestos-containing products and asbestos-containing packing, as defined above.

24.     At all times material hereto, Equipment Defendant, IMO INDUSTRIES, INC., as successor in interest to DELAVAL PUMPS, manufactured, specified, produced, distributed and/or sold, either directly or indirectly, to Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, maritime pumps and further including without limitation, insulation, and pump repair and/or replacement material including asbestos-containing packing as defined above. Additionally, this Defendant also incorporated, specified, required or reasonably foresaw that its equipment would incorporate asbestos-containing products, including asbestos-containing packing, on their interior and exterior and knew, or reasonably should have known, that during the relevant period their end products would not function as advertised and/or designed without such asbestos-containing products and asbestos-containing packing, as defined above.

25.     At all times material hereto, Defendant, JOHN CRANE, INC., manufactured, produced, distributed, sold and/or supplied, either directly or indirectly, to the Plaintiff and/or Plaintiff's employer, asbestos-containing products including, without limitation, asbestos-containing packing materials and asbestos-containing gasket materials as defined above.

26.     Throughout Plaintiff HARRY L. GOODRICH's service in the United States Navy, he worked aboard vessels, on the navigable waters of the United States, including without

limitation the territorial waters of the Commonwealth of Virginia, performing the traditional maritime activity of ship repair. During the performance of traditional maritime activities while serving in the United States Navy, Plaintiff HARRY L. GOODRICH was continuously and daily required to install, remove, repair, alter, fabricate, work with, use, handle and/or otherwise come into contact with and/or to be exposed to asbestos-containing products that were manufactured, sold, supplied, distributed and/or otherwise placed in the stream of commerce by the Defendants, resulting in inhalation of asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff HARRY L. GOODRICH's clothes, his person, and/or his belongings were covered with and contaminated with asbestos dust, fibers and/or particles generated from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products. Plaintiff HARRY L. GOODRICH's exposure to and inhalation of asbestos dust, fibers and/or particles proximately resulted in his contracting malignant mesothelioma, which is permanent and/or fatal.

## COUNT I - NEGLIGENCE

27.     Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through TWENTY-SIX (26), inclusive, as if the same were hereto set forth at length.

28.     At all times material hereto, Plaintiff HARRY L. GOODRICH was not aware of the nature and extent of the danger to his respiratory system, heart, other bodily parts, and general health that would result from his contact with, exposure to and inhalation of the asbestos dust, fibers, and/or particles resulting from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products; whereas, each of the Defendants was negligent in the following respects:

(a).     Defendants knew, had reason to know, should have known and/or could

have reasonably determined that the normal, foreseeable use of their asbestos-containing products posed an unreasonable danger without a warning for one or more of the following reasons:

(1).    Defendants knew, had reason to know, or should have known of historic state of the art literature and other information placing them on notice of the hazards of asbestos and products containing asbestos;

(2).    Equipment Defendants designed and intended their end products to incorporate asbestos or asbestos-containing component parts, including, without limitation, asbestos-containing packing, as defined above;

(3).    Equipment Defendants knew, had reason to know, or should have known, that their end products required asbestos or asbestos component parts to function properly and as designed for their normal, foreseeable uses during the relevant time period;

(4).    Equipment Defendants knew, expected, and intended that asbestos-containing component parts, including asbestos-containing packing, and substantially identical replacement asbestos-containing components would be used throughout the useful life of their end products;

(5).    Equipment Defendants knew, had reason to know or should have known that these asbestos-containing component parts were wear items that would have to be replaced many times during the useful life of their end products;

(6).    Equipment Defendants affirmatively specified that asbestos components and replacement parts be used with their end products;

(7). Equipment Defendants knew, had reason to know or should have known that their customers would use asbestos-containing replacement parts with Equipment Defendants' end products;

(8). Equipment Defendants knew, had reason to know, or should have known, that the replacement asbestos-containing component parts would be substantially identical to the original asbestos-containing component parts supplied with their end products;

(9). Equipment Defendants knew, had reason to know, or should have known that replacement asbestos-containing component parts would give rise to hazards identical to those posed by the original asbestos-containing component parts during the normal, foreseeable use of Equipment Defendants' end products;

(10). Equipment Defendants profited from selling their asbestos-containing end products in that, by designing and manufacturing a durable end product that was able to operate for many years or decades because of the ability to routinely replace internal wear items such as asbestos-containing gaskets and packing, Equipment Defendants were able to charge more money and receive a greater profit than if the end product lasted only until the original asbestos-containing component parts wore out;

(11). Equipment Defendants knew, had reason to know, or should have known that during the relevant period of time, their end products would not function properly as advertised and designed without the use of asbestos-containing component parts, including asbestos-containing packing;

(12). All Defendants were able to, and did, obtain liability insurance against the foreseeable asbestos health hazards inherent in the normal foreseeable use of their products.

(b).     Because of this knowledge, all Defendants knew, had reason to know, or should have known that the Plaintiff would inhale asbestos dust, fibers and/or particles during or as a consequence of the intended, ordinary and foreseeable use of their asbestos-containing products. Despite this knowledge, all Defendants, individually, jointly, and severally were negligent pursuant to maritime negligence law in one or more of the following respects:

(1).     All Defendants mined, manufactured, sold, distributed, and/or otherwise placed in the stream of commerce asbestos-containing products, which Defendants knew or in the exercise of ordinary care should have known, and/or had reason to know, were imminently and inherently dangerous, defective, and otherwise highly harmful to Plaintiff HARRY L. GOODRICH and others exposed to asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(2).     All Defendants failed to take reasonable precautions or to exercise reasonable care to adequately or sufficiently warn Plaintiff, HARRY L. GOODRICH, of the dangers and harm to which he was exposed as a consequence of the inhalation of asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(3).     All Defendants failed and omitted to provide Plaintiff, HARRY L. GOODRICH, with the knowledge of reasonably safe and sufficient safeguards, wearing apparel, proper safety equipment and appliances needed to protect him from being injured, disabled, killed, or otherwise harmed by working with, using, handling, coming into contact with, and inhaling the asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products;

(4).     All Defendants failed to place any warnings or adequate and suffi-

11

cient warnings on their asbestos-containing products or on or inside the containers of their asbestos-containing products and to suitably apprise Plaintiff, HARRY L. GOODRICH, of the risks and dangers inherent to the intended, ordinary and foreseeable use of their asbestos-containing products and the precautions necessary to make their asbestos-containing products safe for their intended, ordinary and foreseeable uses;

(5).   All Defendants failed to place any warnings or adequate and sufficient warnings on their asbestos-containing products or on or inside the packaging of their asbestos-containing products, or otherwise, to inform Plaintiff, HARRY L. GOODRICH, or any foreseeable user, of the dangers inherent in the repair and replacement of such asbestos-containing products, which repair and replacement foreseeably required the removal of friable and inherently dangerous asbestos-containing packing and/or insulation materials.

(6).   All Defendants failed to place warnings, or adequate and sufficient warnings on their asbestos-containing products or on or inside the containers of their asbestos-containing products, or in technical manuals, drawings or specifications supplied with their asbestos-containing products to inform Plaintiff, HARRY L. GOODRICH, of the enhanced risk and dangers inherent in the intended, ordinary and foreseeable use of their asbestos-containing products in the environment of military shipbuilding and/or ship repair where Defendants knew, should have known and/or had reason to know that many other asbestos-containing products were also being dangerously and simultaneously used without controls of safety procedures;

(7).   All Defendants failed to adequately test their asbestos-containing products to determine the nature and extent of the risk from the foreseeable use, maintenance, repair and/or removal of their products and the need for warnings and recommended safety instructions to eliminate or reduce that risk;

(8).     All Defendants failed to advise Plaintiff, HARRY L. GOODRICH, whom Defendants knew, had reason to know, or should have known was exposed to asbestos dust, fibers and/or particles resulting from the intended, ordinary and foreseeable use of their asbestos-containing products, to cease all future exposure to asbestos dust, fibers and/or particles, to be examined by a lung specialist to determine the nature and extent of any and all asbestos diseases caused by such exposure, and to receive treatment for such diseases.

29.     Such negligent and deliberate acts of all Defendants proximately resulted in Plaintiff, HARRY L. GOODRICH's long-term inhalation of asbestos dust, fibers and/or particles from the intended, ordinary and foreseeable use of Defendants' asbestos-containing products, including the routine, recommended and expected maintenance of Defendants' asbestos-containing products, and this exposure directly and proximately caused Plaintiff HARRY L. GOODRICH to contract malignant mesothelioma, which is permanent and/or fatal.

30.     Defendants' foregoing acts, failures and/or omissions occurred over the course of many years prior to and during Plaintiff, HARRY L. GOODRICH's exposure, during which time, Defendants knew, had reason to know, or should have known of the deadly hazards of asbestos from their products. Defendants' negligent acts and omissions over this lengthy period of time were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of Plaintiffs.

## COUNT II – STRICT LIABILTY

31.     Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through THIRTY (30), inclusive, as if the same were hereto set forth at length.

32.     Defendants knew, had reason to know and/or in the exercise of reasonable care

should have known, that their asbestos-containing products would be sold to the public including Plaintiff and/or Plaintiff's employer, would be used by or around Plaintiff HARRY L. GOODRICH and other persons similarly employed, and would be relied on by such persons to be fit for the use and to accomplish the purpose for which they were sold, supplied, distributed, and/or otherwise placed in the stream of commerce. Defendants, because of their positions as sellers, suppliers, and/or distributors, are strictly liable to Plaintiffs for the following reasons:

(a).    Defendants, as manufacturers-sellers, were at all relevant times engaged in the business of selling asbestos-containing products;

(b).    At the time of the sale of their asbestos-containing products to Plaintiff and/or Plaintiff's employer, Defendants knew, had reason to know, and/or should have known, that their asbestos-containing products would be used by or around Plaintiff HARRY L. GOODRICH and other persons similarly employed, as the ultimate user or consumer or otherwise affected person;

(c).    Defendants' asbestos-containing products were sold in a defective condition, unreasonably dangerous to Plaintiff HARRY L. GOODRICH and others similarly employed, as users or consumers, and, throughout many years of Plaintiff HARRY L. GOODRICH's exposure to and use of Defendants' asbestos-containing products, the asbestos-containing products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold;

(d).    Defendants' asbestos-containing products were defective in that they were incapable of being made safe for their intended, ordinary and foreseeable use, and Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products; and/or the intended, ordinary and foreseeable use of the Defendants' asbestos-

containing products is an intrinsically dangerous and/or ultrahazardous activity.

33.     Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(A) of  the Restatement (Second) of Torts, as described herein proximately caused or contributed to cause Plaintiff HARRY L. GOODRICH to contract malignant mesothelioma, which is permanent and/or fatal.

34.     Defendants' breaches of duty under traditional maritime strict liability standards, as restated and summarized in §402(A) of the Restatement (Second) of Torts, as described herein occurred over the course of many years prior to and during Plaintiff, HARRY L. GOODRICH's exposure, during which time, Defendants knew, had reason to know, or should have known of the deadly hazards of asbestos from their products. Defendants' acts and omissions over this lengthy period of time were willful or wanton in nature, were undertaken with actual or constructive knowledge that injury would result, and/or were accomplished with such recklessness as to evince a conscious disregard for the health, safety, and rights of the Plaintiff.

## COUNT III: SPOUSAL PRE-DEATH LOSS OF SOCIETY AND CONSORTIUM

35.     Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through THIRTY-FOUR (34), inclusive, as if the same were hereto set forth at length.

36.     Plaintiffs HARRY L. GOODRICH and AGNES P. GOODRICH were married on August 1, 1964 and have lived together as a married couple for more than 52 years.  Throughout that time, HARRY L. GOODRICH has been available to comfort, protect, care for, aid, attend to, and support AGNES P. GOODRICH physically, mentally, and emotionally.

37.     As set forth above, Plaintiff HARRY L. GOODRICH suffers from malignant mesothelioma, a debilitating and terminal condition with an average life expectancy of six to

eighteen months. His disease and its impact upon his bodily systems, along with the necessary and proper treatments for that disease, have caused him extreme fatigue, pain, constipation, loss of appetite, repeated hospital treatments and surgery. As his disease has progressed, he has been largely confined to his home with the exception medical treatments, and he has been unable to participate in any of the normal recreational, social, or marital activities of life which are normal to a good marriage and to which HARRY L. GOODRICH and AGNES P. GOODRICH have been accustomed.

38.     As a proximate result of Defendants' failures to warn, which were a substantial contributing factor in the development of Plaintiff HARRY L. GOODRICH's disease and condition as set forth above, Plaintiff AGNES P. GOODRICH has been deprived of the physical, mental, and emotional services, comfort, society, attentions, pleasure, solace, fellowship, marital life, companionship, and consortium of her husband.

## COUNT IV - CONCLUSION

39.     Plaintiffs hereby incorporate by reference Paragraphs ONE (1) through THIRTY-EIGHT (38) inclusive, as if the same were hereto set forth at length.

40.     As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, willful or wanton misconduct, strict liability, fraudulent concealment, misrepresentations and willful omissions of the Defendants, Plaintiff HARRY L. GOODRICH was caused to contract diseases and injuries to his body systems, lungs and heart, including malignant mesothelioma, which have caused Plaintiff HARRY L. GOODRICH pain, suffering, mental anguish and ultimately may cause his death.  In addition, HARRY L. GOODRICH:

(a).     Has been obliged to spend various sums of money to treat his diseases and injuries; and may be obliged to continue to do so in the future;

16

(b).　　Has sustained a loss of earnings and earning capacity;

(c).　　Has had his enjoyment of life impaired;

(d).　　Has had his life expectancy shortened; and

(e).　　Has been caused to suffer great physical pain and suffering and psychological and mental trauma.

41.　　Any delay in filing Plaintiffs' causes of action is a direct and proximate result of the Defendants' failure to warn and the fraudulent concealment hereinafter described:

(a).　　For a long time the Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn foreseeable users like Plaintiff HARRY L. GOODRICH, of the hazards of their asbestos-containing products.   However, the Defendants intentionally and fraudulently concealed said knowledge from Plaintiffs resulting in the Plaintiffs' failure to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiffs.   Accordingly, any attempt on the part of any Defendant to complain about the timeliness of the commencement of Plaintiffs' causes of action should be estopped.

42.　　By reason of the aforesaid injuries to Plaintiff, HARRY L. GOODRICH, Plaintiff AGNES P. GOODRICH has suffered mental anguish by being forced to witness the suffering endured by Plaintiff HARRY L. GOODRICH whereby Plaintiff AGNES P. GOODRICH's own nerves and health have been seriously and permanently shocked, weakened and impaired; and by reason of the physical and mental condition of Plaintiff HARRY L. GOODRICH, Plaintiff AGNES P. GOODRICH continues to suffer in mind and body, and has been denied the care, protection, consideration, companionship, services, income, aid, pleasure, assistance, and society of HARRY L. GOODRICH.

WHEREFORE, Plaintiffs pray for judgment against Defendants, individually and jointly and severally, for compensatory damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00) and punitive damages in the sum of TWENTY MILLION DOLLARS ($20,000,000.00) together with interest from the date of diagnosis of asbestos-induced disease plus costs of this suit and such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

PATTEN, WORNOM, HATTEN
& DIAMONSTEIN, L.C.

By:_____/s/_____
                    Erin E. Jewell, Esq.

Erin E. Jewell, Esquire (VSB No. 71082)
Robert R. Hatten, Esquire (VSB No. 12854)
Donald N. Patten, Esquire (VSB No. 06869)
Hugh B. McCormick, III, Esquire (VSB No. 37513)
William W. C. Harty, Esquire (VSB No. 45447)
Jennifer W. Stevens, Esquire (VSB No. 43275)
F. Alex Coletrane, Esquire (VSB No. 78381)
PATTEN, WORNOM, HATTEN
        & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Telephone (757) 223-4500
Facsimile (757) 249-3242
pleadings@pwhd.com
ejewell@pwhd.com