FILED
ALAMEDA COUNTY
MAR 22 2013
CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| ROSE-MARIE GRIGG and MARTIN GRIGG, Plaintiffs, vs. ALLIED PACKING & SUPPLY INC., et al., Defendants. | No. RG12 629580  ORDER GRANTING DEFENDANT OWENS-ILLINOIS, INC.'S MOTION *IN LIMINE* TO EXCLUDE THE VIDEO DEMONSTRATIONS OF DR. WILLIAM E. LONGO  (MOTION *IN LIMINE* NO. 3) |
|---|---|

Defendant Owens-Illinois, Inc. (O-I) seeks an order from the Court excluding the videotaped demonstrations conducted by Plaintiffs Rose-Marie Grigg and Martin Grigg ("Plaintiffs") expert witness, Dr. William E. Longo, Ph.D. and testimony regarding the video demonstrations.

A California Evidence Code 402 hearing was conducted on March 20, 2013. At that hearing, Plaintiffs' counsel specified that they seek to introduce the videos identified as LONGO 2 and 3 (portions of Plaintiff's Exhibit Number 30 showing the removal of Kaylo from boxes), LONGO 7 (portion of Plaintiff's Exhibit Number 28 showing installation of Kaylo around pipe), and LONGO 8 (portion of Plaintiff's Exhibit Number 34 showing the shakeout of shirts). Dr. Longo testified at the hearing, as did Defendant's expert witness, a professor of applied physics and electrical engineering at Stanford University.


EXHIBIT 23

In reviewing the admissibility of these videotapes, the Court is guided by what Judge Friendly wrote half a century ago:

"There is no bright line that divides evidence worthy of consideration by a jury, although subject to heavy counter-attack, from evidence that is not. Especially because of the guaranty of the Seventh Amendment, a federal court must be exceedingly careful not to set the threshold to the jury room too high. Yet it is the jury system itself that requires the common law 'judge, in his efforts to prevent the jury from being satisfied by matters of slight value, capable of being exaggerated by prejudice and hasty reasoning ... to exclude matter which does not rise to a clearly sufficient degree of value'; 'something more than a minimum of probative value' is required. 1 Wigmore, Evidence (3d ed. 1940), pp. 409-410." (*Herman Schwabe, Inc. v. United Shoe Machinery Corp.*, 297 F.2d 906, 912 (1952).)

This quotation was recently cited by the California Supreme Court in *Sargon Enterprises, Inc. v. University of Southern California*, 55 Cal. 4th 707 (2012). The Court noted that Judge Friendly's comments, "both in their cautionary note that, due to the jury trial right, courts should not set the admission bar too high, and in their stressing the need to exclude unreliable evidence, could just as well have described California law and California courts," and went on to describe and delineate the trial court judge's "substantial 'gatekeeping' responsibility." (*Id.* at 769.)

The videos proffered by Plaintiffs are not simulations, are not based on the facts or circumstances of this case, and do not necessarily show respirable asbestos being released from the Kaylo or clothing imbued with Kaylo. At best, they show clouds of particulate matter being shed from the Kaylo and the clothing, coupled with Dr. Longo's

2

testimony that approximately 15 percent of the dust cloud is asbestos. These videos would not assist the triers of fact – the members of the jury – in determining a question of fact. Moreover, even if there were some highly limited probative value, that value is substantially outweighed by the confusion and prejudice the videos are likely to cause the members of the jury. (Cal. Evid. Code 352.)

Therefore, the Court need not reach the questions of whether the scientific methodology is generally accepted and need to address the impact, of any, of the Kaylo not being O-I Kaylo.

For the reasons set forth above, O-I's Motion *in Limine* Number Three is GRANTED, IN FULL.

IT IS SO ORDERED.

<u>March 22, 2013</u>
Date

Ioana Petrou
Judge of the Superior Court

3