UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

HARRY L. GOODRICH
and AGNES P. GOODRICH,

        Plaintiffs,

v.                                                        ACTION NO. 4:17cv9

JOHN CRANE, INC.,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' motion *in limine* to exclude evidence and testimony regarding the alleged knowledge or negligence of the Navy. ECF No. 72. This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court has determined that a portion of plaintiffs' motion should be treated as one for partial summary judgment. A report and recommendation issues this same day addressing the portion of plaintiffs' motion that the Court treats as asking for summary judgment. This opinion and order addresses the remainder of plaintiffs' motion. For the following reasons, the portion of plaintiffs' motion dealing with superseding cause and state of the art evidence is **GRANTED**.

    **I.**      **PROCEDURAL AND FACTUAL BACKGROUND**

For purpose of this order, the Court relies on the procedural and factual background recited in the report and recommendation, issued this same day, ECF No. 154.

## II. STANDARD OF REVIEW

"A district court has 'broad discretion' in deciding motions *in limine.*" *McLaughlin v. CSX Transp., Inc.*, No. 4:15cv245, 2017 WL 2403578, at *1 (D.S.C. June 2, 2017) (quoting *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012)). "Assessing what evidence may be relevant is at the heart of the district court's trial management function." *Id.* (citing *United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012)). Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

The Court may also exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. ANALYSIS

### A. Evidence of the Navy's negligence regarding asbestos is not relevant to issues of causation.

JCI argues that evidence of the Navy's knowledge and the Navy's own negligence is relevant to the issues of causation in this case.[1] ECF No. 115 at 12–17. JCI advances two causation arguments regarding the Navy's alleged negligence. JCI argues: (1) its failure to warn was not a substantial cause of Goodrich's injury, because the Navy's negligent control of Goodrich's workplace environment was the real cause of Goodrich's injury; and (2) the Navy's intervening negligence in not providing a safe workplace superseded any negligence on JCI's

---

[1] The Court addresses issues of causation in this opinion and order for the reasons stated in the accompanying report and recommendation. In short, the Court has determined that JCI's causation arguments do not amount to an affirmative defense.

2

part, severing liability.[2] *Id.* Plaintiffs contend that both arguments are simply alternate ways to state the superseding cause doctrine. ECF No. 144 at 15–17. The Court agrees with plaintiffs.

The superseding cause doctrine, which is properly applied in maritime cases, relieves the original actor from liability where "(1) [an] intervening force [brought] about a harm that is different in kind from that which would otherwise have resulted from the actor's negligence"; and "(2) the intervening force [was not] a normal result of the original actor's negligence." 1 T. Schoenbaum, Admiralty and Maritime Law § 5-3 (5th ed. 2017). Superseding cause is only relevant if the "antecedent negligence is a substantial factor in bringing about" the injury, Restatement (Second) of Torts § 440 (Am. Law Inst. 1965), but where "the injury was actually brought about by a later cause of independent origin that was not foreseeable," the antecedent negligence can be excused. *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 837 (1996).

The Second Circuit has previously rejected the argument that the Navy's subsequent failure to protect its workers from the hazards of asbestos exposure was a superseding cause of a plaintiff's injury that would absolve a manufacturer from liability. *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831, 838–39 (2d Cir. 1992). The court noted that an intervening cause "must be neither normal nor foreseeable" in order to supersede a defendant's negligence. *Id.* at 838. The court continued that "[t]he Navy's conduct in failing to protect its workers from the hazards of asbestos exposure, while reprehensible, was anything but unforeseeable," and that the Navy's use of asbestos-containing products was widely known. *Id.* The court of appeals accordingly rejected the defendants' arguments that the trial court should have given a superseding cause instruction to the jury.[3] *Id.*

---

[2] Both arguments assume that JCI had a duty to warn and failed to do so.

[3] The Supreme Court of New York for New York County, in asbestos litigation involving JCI, followed the Second Circuit's lead: "the Navy's failure to warn was not an intervening act, as

3

"Proving that a third party's failure to warn was a cause superseding, as opposed to operating concurrently with, a defendant's failure to warn is a particularly difficult task in the asbestos products liability cases." *Eagle-Picher Indus.*, 604 A.2d at 224 (citing *Adkins v. GAF Corp.*, 923 F.2d 1225, 1231 (6th Cir. 1991); *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 496 (3d Cir. 1985); *Hoglund v. Raymark Indus.*, 749 P.2d 164, 170–71 (Wash. App. 1987) (all rejecting superseding cause instructions urged by suppliers of dangerous products where an intermediary failed to maintain a safe workplace)). "To constitute an 'efficient intervening cause,' a second tortfeasor's actions must 'be an independent force which entirely supersedes the original action and renders its effect in the chain of causation remote.'" *Jackson v. Owens-Corning Fiberglas Corp.*, 62 F.3d 1414, at *2–3 (Table) (4th Cir. 1995) (holding that, because the employer's duty to warn and the manufacturer's duty to warn arose from the same source, the dangerousness of the product, any negligent failure to warn on the employer's part would not be an intervening cause, but only a joint proximate cause).

JCI relies on one line of *dicta* in support of its superseding cause defense. In *White v. Johns-Manville Corp.*, employees of Newport News Shipbuilding brought suit against Johns-Manville and seven other manufacturers of asbestos-containing products. 662 F.2d 243, 246 (4th Cir. 1981). The defendant manufacturers impleaded Newport News Shipbuilding on a third-party claim for indemnification should the manufacturers have been held liable. *Id.* The Fourth Circuit rejected the manufacturers' claims for indemnity. *Id.* at 250–51. The court of appeals stated, in *dicta*, that "[a] superseding cause defense may of course be asserted by the manufacturers." *Id.* at 250. The court did not opine on whether such a defense would have been

---

the risk of the Navy's conduct, that is, its failure to warn of the dangers of asbestos, is the same risk which renders [JCI] negligent. Moreover, the Navy's failure to warn was neither extraordinary nor unforeseeable so as to break the [causal] nexus." *Matter of New York City Asbestos Litigation*, 960 N.Y.S.2d 51, at *11 (Table) (N.Y. Sup. Ct., N.Y. Cty. 2012).

successful, and the court's statement served only to illustrate that a superseding cause defense was a more appropriate vehicle for the manufacturers' legal theories. The problem with JCI's argument in this case is not that a superseding cause defense is not cognizable, it is that JCI has not presented any evidence that would be relevant to proving such a case. JCI has not shown any action on the part of the Navy that was extraordinary or unforeseeable, and thus cannot prove the defense as a matter of law. JCI has not presented any cases where a manufacturer of an asbestos-containing product successfully pursued a superseding cause defense based on an employer's negligence.

The Court agrees with plaintiffs that JCI's "substantial contributing factor" argument premised on the Navy's alleged knowledge and negligence ultimately amounts to a superseding cause argument in all but name. JCI may, consistent with this ruling, present evidence of other sources of asbestos exposure to defend against plaintiffs' claim that JCI's products were a substantial contributing factor to Goodrich's mesothelioma. JCI is precluded, however, from presenting evidence regarding how much the Navy knew regarding the dangers of asbestos, and that the Navy's negligent conduct was the true cause of Goodrich's injury.[4]

---

[4] Plaintiffs argue that JCI is attempting to improperly avoid the sting of maritime joint and several liability by placing blame on the Navy, causing a jury to discount damages against JCI in proportion to the Navy's negligence. ECF No. 103 at 26–30. JCI counters that *Exxon Mobil Corp. v. Minton*, 737 S.E.2d 16 (Va. 2013) allows it to submit evidence of the Navy's wrongdoing. ECF No. 115 at 5–6. JCI argues that the Supreme Court of Virginia in *Minton* held that evidence of an employer's knowledge is admissible on the question of a defendant's duty, even where the employer is immune from suit. *Id.* In context, however, the Supreme Court of Virginia was addressing the duty to intervene, a statutory duty under 33 U.S.C. § 905(b) that has no relevance to this case. *See Minton*, 737 S.E.2d at 28 ("*In order to establish a vessel owner's duty to intervene*, a jury must be able to consider evidence of the employer's knowledge of the danger and ability to protect the employee. Until it is shown that the employer, who is presumed to have a higher level of expertise than the vessel owner, lacked the knowledge, intent, or ability to protect the employee, no duty to intervene can be attributed to the vessel owner.") (emphasis added). At best, *Minton* aids JCI in demonstrating that the fact that an employer is immune from suit does not *per se* render evidence of that employer's knowledge inadmissible in every context.

Accordingly, JCI is precluded from presenting any evidence at trial that the Navy's negligence superseded JCI's negligence.

## B. Evidence that the Navy possessed knowledge of asbestos hazards is not relevant evidence of the "state of the art."

JCI argues that evidence of the Navy's knowledge is a "critical component" of the general knowledge and state of the art literature concerning asbestos health hazards. ECF No. 115 at 17–19. Goodrich argues that JCI's state of the art argument is "a ploy to resurrect the sophisticated purchaser defense." ECF No. 144 at 18–19. The Court will apply the standards of relevance to this aspect of the parties' argument, rather than the summary judgment standard.

State of the art evidence helps shape the duty owed by the alleged tortfeasor and is "all of the available knowledge on a subject at a given time, and this includes scientific, medical, engineering, and any other knowledge that may be available. State of the art includes the element of time: What is known and when was this knowledge available." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1164 (4th Cir. 1986). Such evidence may be complemented by evidence of industry standards. *Id.* The purpose of state of the art is that manufacturers are held to "the knowledge and skill of an expert." *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 461 (5th Cir. 1985). Thus, if the state of the art knowledge at the time was such that the hazards of asbestos were known to experts in the field, JCI would have a duty to warn about those dangers. Conversely, if neither experts in the field nor JCI were aware about the dangers of asbestos, then JCI may be relieved of its duty to warn because it complied with the state of the art at the time.

JCI argues that evidence of the Navy's knowledge supports a state of the art defense because the Navy, as "one of the largest, if not the largest, user of asbestos-containing materials in the world . . . generally knew of the health hazards of asbestos and recognized the risks to

shipyard workers and Navy personnel from asbestos products." ECF No. 115 at 18. JCI's argument flips the state of the art defense on its head. In product liability cases, a defendant seeks to admit state of the art evidence in order show that a product was designed according to the best methods available at the time, thus relieving it of liability. JCI's argument that the Navy was well aware that asbestos-containing products posed a risk to its workforce, if true, demonstrates exactly the opposite, that experts in the field knew of the dangers of JCI's products, triggering a duty to warn on the part of JCI.

The Court agrees with plaintiffs that JCI's state of the art argument, premised on the Navy's knowledge, is merely an attempt to backdoor JCI's sophisticated purchaser and superseding cause arguments where such arguments would not otherwise be available. JCI intends to offer evidence of the Navy's knowledge, not because it is relevant to whether JCI's products conformed with the scientific knowledge available at the time, but so that the jury may attribute blame to the Navy, to JCI's benefit. Such evidence is inadmissible.

## IV. CONCLUSION

For the foregoing reasons, the portion of plaintiffs' motion dealing with superseding cause and state of the art evidence is **GRANTED**.

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 24, 2018