UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

SEP 2 8 2018

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HARRY L. GOODRICH
and AGNES P. GOODRICH,

        Plaintiffs,

v.

JOHN CRANE, INC.,

        Defendant.

Civil No. 4:17cv9

## ORDER

Before the Court is a report and recommendation ("R&R") filed in this matter by a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 154. The R&R addresses the Motion *in Limine* to Exclude Evidence and Testimony Regarding the Alleged Knowledge or Negligence of the Navy brought by Harry L. Goodrich and Agnes P. Goodrich ("Plaintiffs"), ECF No. 72, which was referred to the Magistrate Judge for an R&R. The Magistrate Judge issued the R&R on August 24, 2018, and objections were filed subsequently. For the reasons stated herein, the Court now **ADOPTS** and **APPROVES** the findings and recommendations set forth in the R&R.

## I. BACKGROUND

The Magistrate Judge's R&R contains a recitation of the facts relevant to the pending Motion. Neither party has objected to the Magistrate Judge's factual findings, and this Court incorporates those findings in this Order. In addition, the Court provides the following procedural background information in this matter.

1

On January 12, 2018, Plaintiffs filed a Motion *in Limine* to Exclude Evidence and Testimony Regarding the Alleged Knowledge or Negligence of the Navy, with a supporting memorandum. ECF Nos. 72, 103. The Motion and subsequent response by Defendant John Crane Inc. ("JCI") both address the Navy's alleged knowledge and negligence relating to (1) the sophisticated purchaser defense; (2) the government contractor defense; (3) superseding causation; and (4) state of the art evidence.

On July 31, 2018, the Magistrate Judge determined that a portion of Plaintiffs' Motion seeks to strike two of JCI's affirmative defenses, and that portion of the motion is construed as a motion for summary judgment. ECF No. 149 (citing *Goodman v. Praxair Servs., Inc.*, No. MJG-04-391, 2009 WL 10681955, at *1 (D. Md. June 16, 2009)); ECF No. 154. The Magistrate Judge issued an R&R on August 24, 2018 regarding those sophisticated purchaser and government contractor defenses, and recommended granting judgment in favor of Plaintiffs. ECF No. 154. Other aspects of Plaintiffs' Motion were addressed in a separate Opinion and Order issued by the Magistrate Judge that same day. ECF No. 155.

Defendant JCI objected to the Report and Recommendation on September 7, 2018. ECF No. 160. Plaintiffs responded to JCI's objections on September 21, 2018. ECF No. 165. On September 24, 2018, JCI filed a Motion for Leave to File a Reply. ECF No. 166. The Court denied this motion on September 25, 2018. ECF No. 170.

## II.    ANALYSIS

### A. Standard of Review

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The "*de novo*" requirement means that a district court

judge must give "fresh consideration" to the objected-to portions of the magistrate judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by the [magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge"); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Plaintiffs' Motion *in Limine* is GRANTED as it pertains to the sophisticated purchaser defense.

The sophisticated purchaser defense derives from comment n of section 388 of the Second Restatement of Torts. Section 388 provides that:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts, § 388 (Am. Law Inst. 1965). Comment n to section 388 provides that:

> Chattels are often supplied for the use of others, although the chattels or the permission to use them are not given directly to those for whose use they are supplied. . . . In all such cases the question may arise as to whether the person supplying the chattel is exercising that reasonable care, which he owes to those who are to use it, by informing the third person through whom the chattel is supplied of its actual character.

Restatement (Second) of Torts, § 388, cmt. n.

3

Comment n also lists factors that a court is to consider when determining whether it was reasonable for a manufacturer to rely on a third party to warn the ultimate user, including:

> (1) the dangerous condition of the product; (2) the purpose for which the product is used; (3) the form of any warnings given; (4) the reliability of the third party as a conduit of necessary information about the product; (5) the magnitude of the risk involved; and (6) the burdens imposed on the supplier by requiring that he directly warn all users.

*Id.*

Defendant JCI objects to the R&R, arguing that the Magistrate Judge erred in relying on *Oman v. Johns-Manville Sales Corp.*, 764 F.2d 224 (4th Cir. 1985) and *Willis v. Raymark Indus.*, 905 F.2d 793 (4th Cir. 1990), instead of cases in which the plaintiff's employer actively participated in the design of the harmful product in question.[1] The Court overrules JCI's objection.

The R&R correctly relied on the *Oman* and *Willis* decisions issued by the United States Court of Appeals for the Fourth Circuit. In *Oman*, the Fourth Circuit applied the comment n factors in affirming the district court's determination that manufacturers of asbestos-containing products were not entitled to a jury instruction regarding the sophisticated purchaser defense. *Oman*, 764 F.2d at 233. In *Willis*, the Fourth Circuit held that the manufacturers asserting a sophisticated purchaser defense "[did] not address one critical point: whether [the defendants] knew the extent of [the employer's] knowledge during or prior to the period of plaintiff's exposure," and ruled that the defendants "[could] not escape liability by reconstructing the past to show merely what the employer/purchaser knew." *Willis*, 905 F.2d at 797.

---

[1] JCI contends that the R&R "correctly rejected the [multi-district litigation court's] decision in" *Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 339–40 (E.D. Pa. 2012). ECF No. 160 at 6–8. To the contrary, the Magistrate Judge's determination that "[t]his Court need not go as far as" *Mack* takes no position with respect to *Mack's* holding. This Order likewise need not address the merits of the *Mack* decision.

Defendant JCI argues that "neither *Oman* nor *Willis* addressed a supplier defendant like JCI who was charged with a failure to warn of a hazard in a product the composition of which was dictated by the claimants' employer," and that the Navy possessed detailed information about the hazards of asbestos. ECF No. 160 at 9. Defendant's attempt to distinguish *Oman* and *Willis* is unavailing. The Fourth Circuit made clear through *Oman* and *Willis* that to successfully prove a sophisticated purchaser defense, a defendant must demonstrate that it reasonably relied on the employer to warn the ultimate users of the product. This holding applies to cases in which the defendant asserts a sophisticated purchaser defense regardless of whether the product was designed by the manufacturer or the employer. This reliability element is confirmed clearly as the fourth factor listed under comment n to section 388 of the Restatement.

After acknowledging this requirement, the Magistrate Judge correctly determined that JCI has presented no contemporaneous evidence suggesting that JCI reasonably relied on the Navy to warn sailors such as Mr. Goodrich. In support of its defense, JCI instead presented (1) evidence meant to demonstrate that the Navy possessed knowledge about the hazards of asbestos; and (2) evidence regarding the product specifications that the Navy provided to manufacturers requiring the use of asbestos in gaskets and packing.

Presenting evidence suggesting that the Navy knew about asbestos hazards is plainly insufficient under the dictates of *Willis*. Defendant JCI has provided no evidence that JCI was aware of the Navy's purported knowledge, and JCI could not have relied on knowledge it was unaware of *at the time*.

With respect to the specifications, the Magistrate Judge appropriately distinguished cases cited by JCI purportedly holding that an employer's specifications are sufficient to absolve a manufacturer of liability. Defendant argues that the Magistrate Judge should have followed the

5

reasoning exemplified in *Spangler v. Kranco, Inc.*, 481 F.2d 373 (4th Cir. 1973).[2] *Spangler* is inapposite. In *Spangler*, the plaintiff was struck by an overhead crane manufactured by Kranco, Inc., and operated by an employee of Reynolds Metal Company. *Id.* at 374. The Fourth Circuit found that "[t]here was no defect in the crane itself nor in it any latent quality which caused Spangler's injury." *Id.* at 375. Accordingly, the Fourth Circuit concluded that the case fell "outside the ambit" of section 388. The *Spangler* Court never addressed the sophisticated purchaser defense or the comment n factors.

Other cases upon which JCI relies are also inapposite. The Court first notes that JCI's objections advance the same arguments made to the Magistrate Judge regarding the decisions in *Marshall v. H.K. Ferguson Co.*, 623 F.2d 882 (4th Cir. 1980); *Fisher v. Monsanto Co.*, 863 F. Supp. 285 (W.D. Va. 1994); and *Amos v. BASF Corp.*, 1996 U.S. Dist. LEXIS 20604 (W.D. Va. July 15, 1996). The Magistrate Judge considered, and distinguished, each of these cases in the R&R. After independent review, this Court finds that the is R&R correctly and persuasively reasoned. In *Marshall*, as in *Spangler*, the court held that the plaintiff did not demonstrate a defect in the product and that the case fell "outside the ambit" of section 388. *Marshall*, 623 F.2d at 886. Like *Spangler*, the Court never reached the sophisticated purchaser defense.

In *Fisher*, the manufacturer presented letters demonstrating (1) that the manufacturer was aware that the purchaser (who had initially developed the product) had sophisticated knowledge about the dangers of the product; and (2) that the manufacturer provided warnings notwithstanding such knowledge on the part of the purchaser. *Fisher*, 863 F. Supp. at 288; *see also Baker v. Monsanto Co.*, 962 F. Supp. 1143, 1153 (S.D. Ind. 1997).

---

[2] Plaintiffs assert that JCI never cited or addressed *Spangler* until its objections to the R&R, and fails to explain this omission. This Court similarly finds no previous citation to *Spangler* in JCI's filings.

In *Amos*, the employer invented the harmful product and gave the defendant manufacturer specific assurances that it would train its employees and inform them about potential risks. *Amos v. BASF Corp.*, 125 F.3d 847 (Table), at \*1 (4th Cir. Oct. 1, 1997). This decision, like the rest of the decisions relied upon by JCI, are distinguishable from the issues presented by this case, which involve applying the comment n factors.

The R&R recognized that the decisions advanced by JCI to support its position also involve high levels of design input from purchasers that vastly exceed the Navy's input in the facts presented by this case. The related objection that the Magistrate Judge injected "an element not included in any of the cases—whether the customer's specification was 'military' or 'commercial,'" (ECF No. 160 at 10–11), arises from the R&R's reference that the products that JCI sold to private industrial consumers were the same as those products JCI sold to the United States Navy. This objection misconstrues the reference. The reference that JCI sold the same products to private consumers rebuts in part JCI's assertions that the Navy took a substantial role in designing the products the Navy purchased from JCI. The argument that R&R "injected" an element not found in other cases is without merit.

After correctly identifying the standards established by section 388 of the Restatement and Fourth Circuit case law, the R&R evaluated the comment n factors and persuasively determined that JCI could not prove its defense as a matter of law. This conclusion is derived in part from the argument presented by JCI that its gaskets and packing products were not dangerous and did not require a warning. The Court agrees with the R&R that JCI cannot reasonably claim that it relied on the Navy to warn end users of its dangerous products and at the same time argue that its products were not dangerous. The Court adopts the R&R's thoroughly analyzed and supported findings and recommendations in its entirety.

**C. Plaintiffs' Motion *in Limine* as it pertains to the government contractor defense**

Upon inquiry, JCI advised the Court that it is not asserting or relying upon the government contractor defense in this case. Accordingly, the R&R recommended that summary judgment be granted in Plaintiff's favor on the government contractor defense. JCI has not objected, and the Court adopts the R&R regarding the inapplicability of the government contractor defense.

## III.   CONCLUSION

The Court, having reviewed the record and examined the Plaintiffs' objections to the Report and Recommendation (ECF No. 154), and having made *de novo* findings with respect to the portions objected to, **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation. Plaintiffs' Motion *in Limine* (ECF No. 72), which the Court has construed as a Motion for Summary Judgment, is **GRANTED** as to the inapplicability of JCI's sophisticated purchaser and government contractor defenses.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

Sept 27, 2018
Norfolk, Virginia